UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

KENNETH KELLEY,

          Plaintiff,                Case No. 2:21-cv-27

v.                                       Honorable Robert J. Jonker

UNKNOWN FORD et al.,

          Defendants.
_____/

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant MacDowell. The Court will also dismiss Plaintiff's First Amendment retaliation claim against Defendant Ford insofar as it applies to Defendants Ford's alleged conduct on May 23, 2020.

## Discussion

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues URF Correctional Officer Unknown Ford and URF Nurse Amy MacDowell.

Plaintiff alleges that on May 23, 2020, he was working in the URF kitchen. As Plaintiff prepared to leave the kitchen that day at 12:30PM to receive his daily medication, Defendant Ford stopped him for a shakedown. Plaintiff alleges that Defendant Ford hit Plaintiff in his genitalia. Defendant Ford then allegedly ordered Plaintiff outside for a second shakedown. During the second shakedown, Plaintiff alleges that Defendant Ford ordered him to pull down his pants before Defendant Ford again hit Plaintiff's genitalia. Plaintiff believes that Defendant Ford's conduct was retaliation. Previously, on May 7, 2020, Defendant Ford had reported Plaintiff for misconduct, but Plaintiff was found not guilty on May 12, 2020.

After the encounter with Defendant Ford, Plaintiff filed a Prison Rape Elimination Act (PREA) grievance and sought medical attention from Defendant MacDowell to address the pain. During the medical visit, Plaintiff told Defendant MacDowell that he had filed a PREA grievance reporting Defendant Ford's conduct. In response, Defendant MacDowell allegedly told Plaintiff that "[a]ll you prisoners write PREA to get lawsuits." (Compl., ECF No. 1, PageID.4.)

Plaintiff alleges that Defendant MacDowell did not keep that information confidential. The morning of May 24, 2020, while both Defendants were in the kitchen, Defendant MacDowell allegedly told Defendant Ford that Plaintiff had filed a PREA grievance reporting him. Later that day, Defendant Ford reported Plaintiff for misconduct, which Plaintiff alleges was further retaliation. On review, Plaintiff was found not guilty.

Plaintiff alleges that he has suffered multiple injuries stemming from the conduct of Defendants Ford and MacDowell. He states that he has been harassed by other staff and prisoners. He further alleges that he has experienced psychological harm, which has led to difficulty sleeping and eating.

Plaintiff seeks declaratory and injunctive relief, $6 million in damages, and costs.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff alleges that both Defendants' conduct violated his Eighth Amendment rights.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted

with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

    **A.**   **Defendant Ford**

Upon initial review, the Court will conclude that Plaintiff has alleged facts sufficient to state an Eighth Amendment claim against Defendant Ford.

    **B.**   **Defendant MacDowell**

Plaintiff is unclear about what facts purportedly support an Eighth Amendment claim, which he expressly invokes, against Defendant MacDowell.

To the extent Plaintiff alleges any defect with his medical care, he has not alleged any facts about the treatment provided by Defendant MacDowell much less that it so inadequate as to demonstrate deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 102, 103–05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Therefore, Plaintiff has alleged facts

5

sufficient to state an Eighth Amendment claim related to the medical treatment he received from Defendant MacDowell.

Likewise, to the extent Plaintiff alleges that Defendant MacDowell harassed him or degraded him, the claim fares no better. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

The Court concludes, therefore, that Plaintiff's allegations fail to state an Eighth Amendment claim against Defendant MacDowell.

### IV. First Amendment

Plaintiff further alleges that Defendant Ford (1) assaulted him in retaliation for Plaintiff avoiding a misconduct conviction on May 12, 2020, and (2) reported him for misconduct in retaliation for Plaintiff's PREA grievance.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegation that Defendant Ford retaliated against him when Ford assaulted him fails on the first prong. Plaintiff appears only to assert that that Defendant Ford assaulted him because Plaintiff was found not guilty on May 12, 2020, of misconduct. Yet, Plaintiff's misconduct finding is not protected conduct under the First Amendment, and Plaintiff has not indicated that he engaged in any protected conduct protected prior to the alleged assault. Therefore, the Court will dismiss the retaliation claim insofar as it applies to Defendant Ford's conduct on May 23, 2020.

However, the Court will conclude that, upon initial review, Plaintiff's allegation related to the May 24, 2020, misconduct report is sufficient to state a First Amendment retaliation claim against Defendant Ford.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant MacDowell will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss Plaintiff's First Amendment retaliation claim against Defendant Ford insofar as it applies to Defendants Ford's alleged conduct on May 23, 2020.  Plaintiff's First Amendment claim, insofar as it applies to the conduct described on May 24, 2020, and Eighth Amendment claim against Defendant Ford remain in the case.

An order consistent with this opinion will be entered.


Dated:   March 1, 2021          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                CHIEF UNITED STATES DISTRICT JUDGE